NO. 07-06-0129-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 9, 2007

_____

JACQUELINE V. HARPER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-409263; HONORABLE BRADLEY S. UNDERWOOD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

_____**OPINION**

Appellant, Jacqueline V. Harper, appeals her conviction for possession of a controlled substance, methamphetamine, in an amount less than one gram and her sentence of one year incarceration in a state jail facility in the Texas Department of Criminal Justice. Appellant contends that the trial court erred in overruling her motion to suppress evidence. We affirm.

_____

On the morning of April 4, 2005, Lubbock Police Officer John Hayes was dispatched to a Walgreen's parking lot to investigate a report of a person passed out in a vehicle in the store's parking lot. Upon his arrival, Hayes observed that an ambulance had already arrived and that EMS personnel were speaking to a female sitting inside a vehicle. From Hayes's observation, he noticed that appellant was slow in responding and appeared groggy. The EMS personnel determined that appellant was not in medical distress and left the scene. Hayes opined that, at that point, he was uncertain as to whether appellant was intoxicated or simply very tired. Being uncertain of appellant's ability to safely operate a motor vehicle and drive herself home, Hayes decided to ask appellant to step out of her vehicle. As appellant stepped out of the vehicle, a small baggie containing a white, crystal-like substance fell from her lap. Hayes then arrested her for possession of a controlled substance. The substance was later verified to be methamphetamine.

At a pretrial hearing, appellant challenged the admission of the methamphetamine by a motion to suppress contending that the controlled substance was obtained as a result of an illegal detention. The trial court overruled appellant's motion to suppress. At trial, a jury found appellant guilty of possession of a controlled substance, state jail felony, and the trial court assessed her punishment at one year in a state jail facility. Appellant appeals the trial court's ruling on the motion to suppress the admission of the methamphetamine. We affirm.

An appellate court reviews a trial court's ruling on a motion to suppress for abuse of discretion. See Villarreal v. State, 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). Under this standard, we give almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). When, as in this case, the trial court makes no explicit findings of historical fact, we presume that it made those findings necessary to support its ruling, provided that they are supported in the record. Carmouche v. State, 10 S.W.3d 323, 327-28 (Tex.Crim.App. 2000). We give the same amount of deference to a trial court's ruling on "application of law to fact questions" if the resolution of those ultimate questions turns on an evaluation of credibility and demeanor. Guzman, 955 S.W.2d at 89. We review *de novo* mixed questions of law and fact that do not turn on an evaluation of credibility and demeanor. Id. We review a trial court's decisions regarding detention and reasonable suspicion *de novo*. Loserth v. State, 963 S.W.2d 770, 772-73 (Tex.Crim.App.1998).

A police officer's interaction with a citizen can be classified as an encounter, detention, or seizure. See Citizen v. State, 39 S.W.3d 367, 370 (Tex.App.–Houston [1ˢᵗ Dist.] 2001, no pet.). Encounters occur when police officers approach an individual in public to ask questions. Id. Encounters do not require any justification whatsoever on the part of an officer. Id. (citing U.S v. Mendenhall, 446 U.S. 544, 555, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980)). An investigative detention is a confrontation of a citizen by law enforcement officers wherein a citizen yields to a display of authority and is temporarily detained for purposes of an investigation. Johnson v. State, 912 S.W.2d 227, 235

(Tex.Crim.App.1995). An investigative detention is permitted if it is supported by reasonable suspicion. Citizen, 39 S.W.3d at 370. See also Terry v. Ohio, 392 U.S. 1, 27, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion is a particularized and objective basis for suspecting the person is, has been, or soon will be engaged in criminal activity. Citizen, 39 S.W.3d at 370 (citing Crockett v. State, 803 S.W.2d 308, 311 (Tex.Crim.App.1991)). A determination of whether the police interaction is an encounter, detention or seizure is assessed by looking at the totality of the circumstances. See Hunter v. State, 955 S.W.2d 102, 104 (Tex.Crim.App. 1997).

The issue presented on appeal is whether Hayes's interaction with appellant, specifically Hayes's request to step out of the vehicle, constituted a sufficient display of authority to raise the encounter into an investigative detention, such that appellant no longer felt free to decline the officer's request or otherwise terminate the encounter. See Citizen, 39 S.W.3d at 370 (quoting State v. Velasquez, 994 S.W.2d 676, 679 (Tex.Crim.App. 1999)). If we conclude that the interaction became an investigative detention, we must then determine whether the officer had reasonable suspicion to support such detention.

Appellant contends that the interaction was a detention and that Hayes, at the time, did not have reasonable suspicion to justify the detention of appellant. However, nothing in the record indicates the officer's actions were such a display of authority that a reasonable person would not have felt free to decline an officer's request for compliance. See Brewer v. State, 932 S.W.2d 161, 168 (Tex.App.–El Paso 1996, no writ) (holding that consensual encounter occurred when a uniformed officer approached defendant in a

4

parking lot, did not block defendant's path or order him to stop, and did not indicate that defendant was required to comply with request to step back from car door); Ashton v. State, 931 S.W.2d 5, 7 (Tex.App.–Houston [1st Dist.] 1996, writ ref'd) (holding that no investigatory detention occurred when unidentified officer approached defendant, who was sitting in a parked car in a public place, and asked her to roll down the window); Reyes v. State, 899 S.W.2d 319, 323 (Tex.App.–Houston [14th Dist.] 1995, writ ref'd) (noting that no seizure occurred when officer identified himself and asked to speak to defendant, but did not display a gun, tell defendant that he was a narcotics agent, order defendant to comply, or ask to search defendant's bag). Even though the EMS personnel had concluded that appellant did not have a medical emergency, Hayes continued to have concerns as to whether appellant was able to drive home safely. Hayes testified that he asked appellant to step out of the vehicle so that he could further observe appellant for the two fold purpose of observing her for the effects of intoxication as well as to give appellant an opportunity to stand up and "get the blood flowing" to see if appellant would become more alert. From the record, Hayes was not attempting to gain further information to arrest Harper, but was attempting to accurately resolve the dispatch call. See Terry, 392 U.S. at 13 (police encounters can be initiated for a variety of purposes wholly unrelated to a desire to prosecute a crime); Hulit v. State, 982 S.W.2d 431, 438 (Tex.Crim.App. 1998) (police officers acted reasonably when they approached a vehicle to ask if the person needed assistance). Therefore, we conclude that Hayes's interaction with appellant was an encounter and no further justification was needed for the officer's actions.

5

Even assuming, *arguendo*, that the encounter had become an investigative detention when Hayes asked appellant to step out of the vehicle, Hayes testified that he suspected that appellant was intoxicated. Given that the record indicates that Hayes personally observed appellant in the Walgreen's parking lot behind the wheel of a vehicle in a groggy or "out of it" state, we conclude that Hayes had reasonable suspicion to suspect that appellant was or would soon be involved in criminal activity. See TEX. PEN. CODE ANN. §§ 49.02, 49.04 (Vernon 2003) (public intoxication and driving while intoxicated). Therefore, when, as in this case, the trial court makes no explicit findings of historical fact, we can presume that it made those findings necessary to support its ruling. See Carmouche, 10 S.W.3d at 327. Hence, even if the interaction had become an investigative detention, the trial court could have found that the officer had reasonable suspicion to justify the detention.

Whether the interaction between Hayes and appellant was an encounter or an investigative detention, the trial court did not err in overruling appellant's motion to suppress. We overrule appellant's issue and affirm the trial court's judgment.


Mackey K. Hancock
Justice


Pirtle, J., concurring.


Publish.

6