

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00183-CR

_____

ROBERT VANCE MURRY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 33993-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Robert Vance Murry appeals his conviction for possession of one gram or less of a controlled substance. On appeal, Murry contends there was no probable cause or reasonable suspicion for Longview police officers to detain him; therefore, according to Murry, the trial court erred in denying his motion to suppress evidence. We disagree and overrule Murry's sole point of error.

The standard for reviewing a trial court's ruling on a motion to suppress evidence is abuse of discretion. *Long v. State*, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991). At a hearing on a motion to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Brooks v. State*, 830 S.W.2d 817, 820 (Tex. App.—Houston [1st Dist.] 1992, no pet.). On appellate review, the evidence presented at the suppression hearing is viewed in the light most favorable to the trial court's ruling to determine whether the trial court abused its discretion in denying the motion to suppress. *Whitten v. State*, 828 S.W.2d 817, 820 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd).

Around 2:00 a.m., July 10, 2005, Officer Kurt Rhodes responded to a dispatch call report of a suspicious person in the 2000 block of Sea Biscuit in Longview. The report described a white male walking around with a baseball bat. Rhodes found Murry, who fit the reported description, carrying a baseball bat. Murry complied with Rhodes' request to put down the bat on the side of the road. Evidence was later adduced that Murry lived near the place he was stopped.

2

Sergeant Toby Laughlin arrived to assist Rhodes. Laughlin said that for officer safety, he asked Murry whether he carried any weapons. Murry responded that he had a knife in one of his front pockets. Laughlin asked Murry if Laughlin could retrieve the knife, and Murry said he would do it himself. Murry reached into a pocket and started to pull out an unlabeled prescription medication bottle; Laughlin inquired about the bottle, and Murry pushed the bottle back into his pocket. Laughlin testified he was suspicious about the bottle because he had seen such bottles used in the past to carry controlled substances. No knife was found among Murry's belongings. The baseball bat was still in plastic wrapping; Murry said he had purchased the bat at the local Wal-Mart. In the pill bottle was less than one gram of methamphetamine. Also found on Murry was a cigarette package containing marihuana. Murry was convicted of possession of a controlled substance in an amount less than one gram and sentenced to two years in a state-jail facility.

There are three distinct categories of interactions between police officers and citizens: encounters, investigative detentions, and arrests. *State v. Perez*, 85 S.W.3d 817, 819 (Tex. Crim. App. 2002). Encounters occur when police officers approach an individual in public to ask questions. *Harper v. State*, 217 S.W.3d 672, 674 (Tex. App.—Amarillo 2007, no pet.). Encounters do not require any justification whatsoever on the part of an officer. *Id*. Police officers "do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the

3

person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions." *Perez*, 85 S.W.3d at 819.

An officer may briefly stop a suspicious individual in order to determine his identity or to maintain the status quo momentarily while obtaining more information. *Adams v. Williams*, 407 U.S. 143, 147 (1972); *Terry v. Ohio*, 392 U.S. 1, 21 (1968); *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). To justify a brief investigative detention, the officer must be aware of specific, articulable facts which, in light of his experience and personal knowledge, together with reasonable inferences therefrom, would warrant detaining the suspect. *Adams*, 407 U.S. at 147; *Martinez v. State*, 29 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd) (citing *Terry*, 392 U.S. at 21).

Here, officers stopped Murry on a public street in the wee hours of the morning. Murry was carrying a baseball bat, albeit apparently recently purchased. Nonetheless, this encounter was proper and legal. Officers had the right to ask Murry questions on a public street. When in the course of their permissible questions Murry said he had a knife on his person, officers had articulable facts which warranted further questioning: to-wit, investigating Murry's purported possession of a knife. When Murry revealed the pill bottle and then tried to conceal it, the officers' suspicions were reasonably raised.

Murry claims this incident was "[i]nitially. . . an investigative detention." We disagree; as stated above, the police had the right to approach Murry on a public street and ask him questions.

"A police officer is just as free as any other citizen to stop and ask questions of a fellow citizen." *Hunter v. State*, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997). Despite Murry's contention that he was "clearly not free to leave," we find no evidence to substantiate that claim. Our reading of the record indicates a brief, fluid set of events: police stopped Murry on a public street; asked him to put down his baseball bat; asked if he had any weapons. To this point officers are engaged in an encounter with Murry. Officers had a right to investigate the knife Murry told them he had;[1] when he instead showed an unlabeled pill bottle and suspiciously tried to hide it, the officers had reasonable suspicion to conduct an investigative detention. Upon examining the contents of the bottle, officers had probable cause to arrest Murry.

We find the trial court acted within its discretion in denying Murry's motion to suppress evidence. We affirm the trial court's judgment.

Bailey C. Moseley
Justice

Date Submitted:     July 31, 2008
Date Decided:       August 1, 2008

Do Not Publish

---

[1]*See, e.g.*, TEX . PENAL CODE ANN. §§ 46.01, 46.02 (Vernon Supp. 2007) (regarding illegal knives).

5