In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00183-CR


______________________________




ROBERT VANCE MURRY, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 33993-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Robert Vance Murry appeals his conviction for possession of one gram or less of a controlled
substance. On appeal, Murry contends there was no probable cause or reasonable suspicion for
Longview police officers to detain him; therefore, according to Murry, the trial court erred in denying
his motion to suppress evidence. We disagree and overrule Murry's sole point of error.

 The standard for reviewing a trial court's ruling on a motion to suppress evidence is abuse
of discretion. Long v. State, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991). At a hearing on a motion
to suppress, the trial court is the sole trier of fact and judge of the credibility of the witnesses as well
as the weight to be given their testimony. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990); Brooks v. State, 830 S.W.2d 817, 820 (Tex. App.--Houston [1st Dist.] 1992, no pet.). On
appellate review, the evidence presented at the suppression hearing is viewed in the light most
favorable to the trial court's ruling to determine whether the trial court abused its discretion in
denying the motion to suppress. Whitten v. State, 828 S.W.2d 817, 820 (Tex. App.--Houston [1st
Dist.] 1992, pet. ref'd).

 Around 2:00 a.m., July 10, 2005, Officer Kurt Rhodes responded to a dispatch call report of
a suspicious person in the 2000 block of Sea Biscuit in Longview. The report described a white male
walking around with a baseball bat. Rhodes found Murry, who fit the reported description, carrying
a baseball bat. Murry complied with Rhodes' request to put down the bat on the side of the road. 
Evidence was later adduced that Murry lived near the place he was stopped. 

 Sergeant Toby Laughlin arrived to assist Rhodes. Laughlin said that for officer safety, he
asked Murry whether he carried any weapons. Murry responded that he had a knife in one of his
front pockets. Laughlin asked Murry if Laughlin could retrieve the knife, and Murry said he would
do it himself. Murry reached into a pocket and started to pull out an unlabeled prescription
medication bottle; Laughlin inquired about the bottle, and Murry pushed the bottle back into his
pocket. Laughlin testified he was suspicious about the bottle because he had seen such bottles used
in the past to carry controlled substances. No knife was found among Murry's belongings. The
baseball bat was still in plastic wrapping; Murry said he had purchased the bat at the local Wal-Mart. 
In the pill bottle was less than one gram of methamphetamine. Also found on Murry was a cigarette
package containing marihuana. Murry was convicted of possession of a controlled substance in an
amount less than one gram and sentenced to two years in a state-jail facility. 

 There are three distinct categories of interactions between police officers and citizens:
encounters, investigative detentions, and arrests. State v. Perez, 85 S.W.3d 817, 819 (Tex. Crim.
App. 2002). Encounters occur when police officers approach an individual in public to ask
questions. Harper v. State, 217 S.W.3d 672, 674 (Tex. App.--Amarillo 2007, no pet.). Encounters
do not require any justification whatsoever on the part of an officer. Id. Police officers "do not
violate the Fourth Amendment by merely approaching an individual on the street or in another public
place, by asking him if he is willing to answer some questions, by putting questions to him if the
person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers
to such questions." Perez, 85 S.W.3d at 819.

 An officer may briefly stop a suspicious individual in order to determine his identity or to
maintain the status quo momentarily while obtaining more information. Adams v. Williams, 407
U.S. 143, 147 (1972); Terry v. Ohio, 392 U.S. 1, 21 (1968); Gurrola v. State, 877 S.W.2d 300, 302
(Tex. Crim. App. 1994). To justify a brief investigative detention, the officer must be aware of
specific, articulable facts which, in light of his experience and personal knowledge, together with
reasonable inferences therefrom, would warrant detaining the suspect. Adams, 407 U.S. at 147;
Martinez v. State, 29 S.W.3d 609, 611 (Tex. App.--Houston [1st Dist.] 2000, pet. ref'd) (citing
Terry, 392 U.S. at 21). 

 Here, officers stopped Murry on a public street in the wee hours of the morning. Murry was
carrying a baseball bat, albeit apparently recently purchased. Nonetheless, this encounter was proper
and legal. Officers had the right to ask Murry questions on a public street. When in the course of
their permissible questions Murry said he had a knife on his person, officers had articulable facts
which warranted further questioning: to-wit, investigating Murry's purported possession of a knife. 
When Murry revealed the pill bottle and then tried to conceal it, the officers' suspicions were
reasonably raised. 

 Murry claims this incident was "[i]nitially. . . an investigative detention." We disagree; as
stated above, the police had the right to approach Murry on a public street and ask him questions. 
"A police officer is just as free as any other citizen to stop and ask questions of a fellow citizen."
Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997). Despite Murry's contention that he
was "clearly not free to leave," we find no evidence to substantiate that claim. Our reading of the
record indicates a brief, fluid set of events: police stopped Murry on a public street; asked him to
put down his baseball bat; asked if he had any weapons. To this point officers are engaged in an
encounter with Murry. Officers had a right to investigate the knife Murry told them he had; (1) when
he instead showed an unlabeled pill bottle and suspiciously tried to hide it, the officers had
reasonable suspicion to conduct an investigative detention. Upon examining the contents of the
bottle, officers had probable cause to arrest Murry. 

 We find the trial court acted within its discretion in denying Murry's motion to suppress
evidence. We affirm the trial court's judgment. 



 Bailey C. Moseley

 Justice


Date Submitted: July 31, 2008

Date Decided: August 1, 2008


Do Not Publish
1. See, e.g., Tex . Penal Code Ann. §§ 46.01, 46.02 (Vernon Supp. 2007) (regarding illegal
knives).


Tex. R. App. P. 33.1(a). Dickerson did not raise this issue at the trial court
level. Accordingly, he has failed to preserve this issue for our review. 
          We further note that a challenge to a trial court's bail setting is more properly
presented by way of an application for writ of habeas corpus. See, e.g., Ex parte Lewis,
Nos. 2-06-018-CR, 2-06-081-CR, 2006 Tex. App. LEXIS 4976, at *1–3 (Tex. App.—Fort
Worth June 8, 2006, no pet.) (mem. op.) (not designated for publication) (appeal of habeas
application seeking bond reduction); Smith v. State, 161 S.W.3d 191, 192 (Tex.
App.—Texarkana 2005, no pet.) (appeal of pretrial habeas application seeking bond
reduction). The record contains no evidence that Dickerson ever applied for an application
for writ of habeas corpus to challenge the trial court's bail setting. Instead, Dickerson
waited until after forty days from the trial court's action declaring the personal bond
insufficient, until after the trial court had conducted a hearing on the State's motion to
adjudicate guilt, and until Dickerson had filed his notice of appeal regarding the trial court's
decision to adjudicate guilt, before he first attempted to raise this issue.
          Finally, the decision to grant a personal bond lies within the sound discretion of the
reviewing magistrate. Tex. Code Crim. Proc. Ann. art. 17.03(a) (Vernon 2005). Dickerson
has presented no argument or authority regarding why, in his case, the trial court's decision
constitutes an attempt to use bail as an instrument of oppression. Such a showing on
appeal would, however, be a prerequisite to finding error in the trial court's decision. Cf.
Hayden v. State, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd).
          For these reasons, we overrule Dickerson's first point of error.
III. The Propriety of Dickerson's Conditions of Personal Bond
          In his final point of error, Dickerson challenges the legality of the conditions of
pretrial release imposed by the trial court on Dickerson and other defendants who appear
in the 336th Judicial District Court of Texas. The purpose of bail is to assure the presence
of the accused at trial. Tex. Code Crim. Proc. Ann. art. 17.01 (Vernon 2005); Stack v.
Boyle, 342 U.S. 1, 5 (1951). Therefore, "the fixing of bail for any individual defendant must
be based upon standards relevant to the purpose of assuring the presence of that
defendant." Stack, 342 U.S. at 5. 
          Dickerson's appellate brief contains a laundry list of conditions he claims were
placed on his release pending a hearing on the State's motion to adjudicate. Dickerson
has also included in his brief's appendix what appears to be a page of bond conditions
imposed by the 336th Judicial District Court in a case styled State of Texas v. Kirk Jarrell. 
However, neither the laundry list nor the Jarrell bond conditions appear in the official record
of this case. Appellate issues should be confined to alleged errors evidenced by the
actual, official record in the case. Accordingly, these alleged facts are not a part of the
record before us, and we may not consider them for any purpose. We now turn to a review
of the true contents of the official appellate record.
          The record before us does not include the personal bond contract between the trial
court and Dickerson. Instead, the only evidence in the record before us of any bond
conditions imposed by the trial court comes from the trial court's docket sheet. That
instrument  records  that  the  court  required  Dickerson  to,  as  a  condition  of  his
release, (1) be accepted by, and attend, a Veteran's Affairs program for post-traumatic
stress disorder, bipolar disorder, and drug rehabilitation; (2) report periodically to a
community supervision officer; and (3) have no contact with his wife. With respect to the
first condition, a magistrate may, in appropriate cases, release a defendant on a personal
bond with the condition that the defendant submit to inpatient or outpatient mental health
treatment. Tex. Code Crim. Proc. Ann. art. 17.032(b) (Vernon 2005). The record also
affirmatively shows Dickerson wanted to attend the V.A. treatment program. With respect
to the second condition, the trial court could have reasonably assumed that requiring
Dickerson to continue to report to his community supervision officer (which was already a
proper requirement of community supervision) would enable the court to keep abreast of
Dickerson's progress with the V.A. treatment program, as well as any changes in
Dickerson's employment or residency. With respect to the final condition, a magistrate
may impose "any reasonable condition of bond related to the safety of a victim of the
alleged offense or to the safety of the community." Tex. Code Crim. Proc. Ann. art. 17.40
(Vernon 2005). Dickerson's wife, Deneen Dickerson, is the complainant in this case. In
short, we cannot say the record before us supports a finding that the trial court imposed
any illegal or unconstitutional conditions of pretrial release. We overrule Dickerson's final
point of error.
          We affirm the judgment.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      August 4, 2006
Date Decided:         August 25, 2006

Do Not Publish