ACCEPTED
04-15-00395-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/28/2015 11:47:10 AM
KEITH HOTTLE
CLERK

## CAUSE NO. 04-15-00395-CR

IN THE FOURTH DISTRICT COURT OF APPEALS
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/28/15 11:47:10 AM
KEITH E. HOTTLE
Clerk

**THE STATE OF TEXAS**
*Appellant,*

v.

**JAMES RAY JUNEK**
*Appellee.*

## BRIEF OF APPELLANT

Appeal from the County Court-at-Law
Kerr County, Texas
Trial Court Cause No. CR14-0146
The Honorable Susan Harris

JOSEPH A. SOANE, III
Texas Bar No. 24002970
Asst. Kerr County Attorney
700 Main Street, Ste. BA103
Kerrville, Texas 78028
(830) 792-2220 (p)
(830) 792-2228 (f)

*NO ORAL ARGUMENT*

# IDENTITY OF PARTIES AND COUNSEL

**Appellant:**          The State of Texas

Mr. Joseph A. Soane, III (trial / appellate counsel)
Asst. Kerr County Attorney
700 Main Street, Ste. BA-103
Kerrville, TX 78028

**Appellee / Defendant:**   James Ray Junek

Mr. Darren Umphrey (trial / appellate counsel)
246 W. San Antonio St., Suite 201
New Braunfels, TX 78130

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................. i

TABLE OF CONTENTS ................................................................. ii

INDEX OF AUTHORITIES ............................................................ iii

STATEMENT OF THE CASE .......................................................... v

STATEMENT REGARDING ORAL ARGUMENT ....................................... vi

ISSUES PRESENTED ................................................................ vii

STATEMENT OF FACTS ............................................................. 1

SUMMARY OF THE ARGUMENT ..................................................... 3

ARGUMENT ........................................................................ 4

    A. STANDARD FOR REVIEW ..................................................4

    B. THE TRIAL COURT ERRED IN CONCLUDING THAT APPELLEE WAS DETAINED WHEN APPELLEE PULLED OFF OF THE ROAD AND PARKED OF HIS OWN VOLITION ................................................5

    C. THE TRIAL COURT ERRED IN CONCLUDING THAT DEPUTIES DID NOT HAVE SUFFICIENT CAUSE FOR AN INVESTIGATORY DETENTION ................................................................8

    D. THE TRIAL COURT ERRED BY CONCLUDING THE OFFICERS' SUBJECTIVE INTENT OR BELIEF CONTROLLED OVER OBJECTIVE FACTS IN DETERMINING REASONABLE SUSPICION FOR AN INVESTIGATIVE DETENTION ................................................10

PRAYER AND CONCLUSION ......................................................... 11

CERTIFICATE OF SERVICE ........................................................ 12

## INDEX OF AUTHORITIES

Guzman v. State, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997) ...............................4

Miller v. Fenton, 474 U.S. 104, 106 (1985)..................... ...............................4

Omelas v. United States, 517 U.S. 690 (1996) ..............................................4

State v. Elias, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011) ...........................4, 8

Tucker v. State, 369 S.W.3d 179, 184 (Tex.Crim.App.2012) ...........................4, 5

State v. Mendoza, 365 S.W.3d 666, 669 (Tex.Crim.App.2012) ..........................4

Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App.1997) (en banc).....................4

Martinez v. State, 348 S.W.3d 919, 922–23 (Tex.Crim.App.2011).....................5, 11

State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App.2006) ..............................5

Gonzales v. State, 369 S.W.3d 851, 854 (Tex.Crim.App.2012) ..........................8

Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Crim.App.2000) .........................5

State v. Iduarte, 268 S.W.3d 544, 548 (Tex.Crim.App.2008) ............................5

State v. Stevens, 235 S.W.3d 736, 740 (Tex.Crim.App.2007) ............................5

State v. Larue, 28 S.W.3d 549, 553 (Tex.Crim.App.2000) ...............................5

Francis v. State, 922 S.W.2d 176, 178 (Tex.Crim.App.1996) ............................5

Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991)..5,6

Harper v. State, 217 S.W.3d 672, 674 (Tex.App.-Amarillo 2007, no pet.) .................5

Florida v. Rodriguez, 469 U.S. 1, 5–6, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984) .............6

Hiibel v. Sixth Judicial District Court of Nevada, 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004) ..................................................................6

Crain v. State, 315 S.W.3d 43, 49 (Tex.Crim.App.2010) ...............................6

Immigration and Naturalization Service v. Delgado, 466 U.S. 210, 216, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). ..................................................................6

Brendlin v. California, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007) ......6

State v. Garcia–Cantu, 253 S.W.3d 236, 244 (Tex.Crim.App.2008) ........................6

State v. Stevenson, 958 S.W.2d 824, at 829 (Tex.Crim.App 1997) ..............…..…….....7

Stoutner v. State, 36 S.W.3d 716, at 719–20 (Tex.App. Hou.1st Dist.- 2001) ..............7

Arthur v. State, 216 S.W.3d 50, 55 (Tex.App.-Fort Worth 2007, no pet.) .................7

Reynolds v. State, 163 S.W.3d 808, 810–11 (Tex.App.-Amarillo 2005), aff'd, 204 S.W.3d
386 (Tex.Crim.App.2006) ...........................................…..…….…..........7

Dowthitt v. State, 931 S.W.2d 244, 254–55 (Tex.Crim.App., 1996).......................7

Ussery v. State, 651 S.W.2d 767, 770 (Tex.Crim.App.1983)................….....…..…..8

Berkemer v. McCarty, 468 U.S. 420, at 440, 104 S.Ct. 3138 (1984), at 3150..............8

Esco v. State, 668 S.W.2d 358, 360–61 (Tex.Crim.App.1982)..............................9

Illinois v. Gates, 462 U.S. 213, 234–35, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527, 545
(1983)...............................................................................9

Derichsweiler v. State, 348 S.W.3d 906, (Tex.Crim.App. 2011)...........................9

Adams v. Williams, 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972)...........9

United States v. Ruidiaz, 529 F.3d 25 (1st Cir.2008)....................................9

United States v. Fernandez–Castillo, 324 F.3d 1114, 1118 (9th Cir.2003).................9

United States v. Kaplansky, 42 F.3d 320, 327 (6th Cir.1994)..............................9

Hoag v. State, 728 S.W.2d 375, 380 (Tex.Crim.App.1987)...............................10

United States v. Hensley, 469 U.S. 221, 232–33, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985)
.................................................................................…....10

Illinois v. Andreas, 463 U.S. 765, 771 n. 5, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983)....10

Terry v. Ohio, 392 U.S. 1, at 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)...............10

Ford v. State, 158 S.W.3d 488, at 492–93 (Tex.Crim.App.2005)..........................10

## STATEMENT OF THE CASE

This is a driving while intoxicated prosecution. On January 16, 2014, Kerr County Sheriff's Office Deputies Amin Malek and Joe Morris investigated citizen complaints regarding reckless driving. Following the deputies' investigation, Appellee was charged by Information with the offense of driving while intoxicated. Appellee filed his suppression motion on December 11, 2014, which the trial court granted on May 6, 2015, following a hearing. Appellant timely filed its Notice of Appeal along with Request for Findings of Fact and Conclusions of Law.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant The State of Texas does not request oral argument. Appellant believes that the issues presented are not novel and does not believe oral argument would assist this honorable Court in understanding the issues presented.

## ISSUES PRESENTED

1. The trial court erred in concluding that Appellee was detained when Appellee pulled off of the road and parked of his own volition.

2. The trial court erred in concluding that deputies did not have sufficient cause for an investigatory detention.

3. The trial court erred by concluding the officers' subjective intent or belief controlled over objective facts in determining reasonable suspicion for an investigative detention.

# CAUSE NO. 04-15-00395-CR

## IN THE FOURTH DISTRICT COURT OF APPEALS
## SAN ANTONIO, TEXAS

## THE STATE OF TEXAS
*Appellant,*

v.

## JAMES RAY JUNEK
*Appellee.*

## BRIEF OF APPELLANT

TO THE HONORABLE COURT OF APPEALS:

NOW COMES Appellant THE STATE OF TEXAS and submits its Brief of Appellant.[1]

### STATEMENT OF FACTS

At approximately 9:22 a.m. on January 16, 2014, Kerr County 911 received five (5) calls regarding a reckless driver. (CRI, page 3, Exhibit 1) Four (4) of the 911 callers were identified by name or name and telephone number as follows: Cy Murphy 337-281-8973, Juan Vasquez, Cheryl Lauler, and Julie Beck 608-498-7675. The location provided by the 911 callers was IH-10 eastbound from the 486 mile marker to the 505 exit,

---

[1] The clerk's record will be cited by the abbreviation "CR," followed by page numbers (*e.g.*, CR 10). Because there are multiple volumes of the clerk's record filed, each volume will be identified by the respective roman numeral (e.g., CRI). The reporter's record will be cited by the abbreviation "RR," followed by page and line numbers (*e.g.*, RR 2, 8).

1

depending on the caller. The description of the driving behavior of the white Chevrolet Tahoe or Suburban varied but included: swerving or driving all over the road, almost hit the caller's truck, crossing the shoulder, caller was afraid to pass, may be having an emergency or "drunk or what," got traffic blocked, fixing to have a wreck, and acts like he's drunk. (CRI, page 3, Exhibit 1).

Deputy Sheriff Joe Morris was dispatched to the area of IH-10 to look for the white Chevrolet Tahoe or Suburban and Deputy Amin Malek, a thirteen (13) year veteran police officer, was dispatched to assist. (RR 22, 8; 23, 2) Deputy Malek waited on IH-10 at mile marker 503 and observed a vehicle matching the description pass his location. Deputy Malek pulled out near the white Chevrolet and observed the people in nearby vehicles point to the white Chevrolet. (RR 23, 22; 24, 3). While Deputy Malek was behind the white Chevrolet, the driver exited IH-10 at the 505 mile marker and pulled over in the 900 block of Harper Road. (RR24, 15-16). Deputy Malek did not activate any of the emergency equipment of his patrol unit. (RR24, 10; 24, 22-25). Deputy Malek did not use any audible sirens nor horns, nor did he wave to try and make the driver of the white Chevrolet pull over. (RR 25, 1-5). This is corroborated by the Appellee, who testified Appellee was not aware there was a patrol unit present until after he was executing his turn off of the roadway in the 900 block of Harper Road. (RR 50, 5-8). The Appellee testified he pulled off of IH-10 in order to take a nap, not in response to an assertion of authority. (RR49, 3-4; 50, 21).

Deputy Malek approached and spoke with the Appellee and observed the Appellee to have slow and slurred speech. (RR25, 14). Deputy Malek asked the Appellee if he had been drinking and told the Appellee he could smell alcohol when he

2

did not. (RR33, 9-15). Deputy Malek testified that doing so was a tactic he used to get people to tell the truth. (RR33, 18). Deputy Malek stepped back and spoke with Deputy Morris as they approached the Appellee and discussed the approach as a welfare check. (RR55, 10). Deputy Morris spoke with the Appellee and observed him to have slurred speech. (RR61, 21). Deputy Morris also observed the Appellee was not answering questions in a normal fashion and was slow to answer. (RR61, 21-23). Based on the 911 calls regarding the operation of the vehicle, their observations of the Appellee's slurred and slow speech, and slow answers Deputy Morris requested that the Appellee participate in field sobriety tasks. (RR66, 10-13; 67, 12-15). The trial court found the deputies had unlawfully detained the Appellee and further found the deputies had no reasonable suspicion to detain the Appellee.

## SUMMARY OF THE ARGUMENT

The trial court erred in concluding Appellee to be detained when Appellee pulled off of IH-10 of his own volition. Even though the deputies possessed reasonable suspicion to detain the Appellee to investigate, the deputies did not assert their authority and engaged in a consensual encounter with the Appellee. The consensual encounter revealed additional evidence which further justified an investigatory detention. The witnesses that called 911 and identified themselves provided inherently reliable information upon which the deputies could have relied in performing an investigatory detention. The deputies' subjective belief they were conducting a welfare check is not controlling, as objective facts provided justification for the investigative detention.

3

## ARGUMENT

### A. STANDARD FOR REVIEW

When reviewing a trial court's ruling on a motion to suppress, the appellate court first determines the appropriate standard of review. Guzman v. State, 955 S.W.2d 85, 87 (Tex.Crim.App. 1997). On a "mixed question of law and fact," the reviewing court decides how much deference to afford a trial court's ruling by determining "which judicial actor is in a better position to decide the issue." Id. ; Miller v. Fenton, 474 U.S. 104, 106 (1985). While the reviewing court should afford great deference to inferences reached by the trial judge, the court must review determinations of reasonable suspicion and probable cause *de novo*. Guzman, 955 S.W.2d at 87; Omelas v. United States, 517 U.S. 690 (1996).

The appellate courts may review de novo "mixed questions of law and fact" not falling within this category. State v. Elias, 339 S.W.3d 667, 673 (Tex. Crim. App. 2011).

When reviewing a trial court's ruling on a motion to suppress, the overarching standard of review guiding appellate courts is whether the trial court abused its discretion. Tucker v. State, 369 S.W.3d 179, 184 (Tex.Crim.App.2012); Montanez v. State, 195 S.W.3d 101, 108 (Tex.Crim.App.2006). But see, e.g., State v. Mendoza, 365 S.W.3d 666, 669 (Tex.Crim.App.2012) (stating that a judge's factual findings should be reviewed for an abuse of discretion while its legal rulings should be reviewed de novo); Guzman v. State, 955 S.W.2d 85, 89 (Tex.Crim.App.1997) (en banc) ("[A]n abuse of discretion standard does not necessarily apply to 'application of law to fact questions' whose resolution do not turn on an evaluation of credibility and demeanor."). Under an abuse of discretion standard, the reviewing Court must determine whether the trial court's ruling

4

was so arbitrary that it is outside the zone of reasonable disagreement. Martinez v. State, 348 S.W.3d 919, 922–23 (Tex.Crim.App.2011); State v. Dixon, 206 S.W.3d 587, 590 (Tex.Crim.App.2006). The reviewing court must consider all evidence in the record, viewing the evidence in the light most favorable to the trial court's ruling. Gonzales v. State, 369 S.W.3d 851, 854 (Tex.Crim.App.2012); Tucker, 369 S.W.3d at 185; Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Crim.App.2000). The trial court's ruling will be upheld if it is correct under any applicable theory of law. State v. Iduarte, 268 S.W.3d 544, 548 (Tex.Crim.App.2008); State v. Stevens, 235 S.W.3d 736, 740 (Tex.Crim.App.2007).

## B. THE TRIAL COURT ERRED IN CONCLUDING THAT APPELLEE WAS DETAINED WHEN APPELLEE PULLED OFF OF THE ROAD AND PARKED OF HIS OWN VOLITION

As best as the State can determine, the trial court concluded that Deputies Malek and Morris did not possess reasonable suspicion to detain the Appellee when the Appellee pulled off of IH-10 of his own accord.

There are three recognized categories of interaction between the police and citizens: encounters, investigative detentions and arrests. State v. Larue, 28 S.W.3d 549, 553 (Tex.Crim.App.2000) (quoting Francis v. State, 922 S.W.2d 176, 178 (Tex.Crim.App.1996). An encounter occurs when an officer approaches a person in public to ask questions. Florida v. Bostick, 501 U.S. 429, 434, 111 S.Ct. 2382, 2386, 115 L.Ed.2d 389 (1991); Harper v. State, 217 S.W.3d 672, 674 (Tex.App.-Amarillo 2007, no pet.). An officer need not show any particular level of suspicion for such an encounter because the citizen is under no obligation to continue speaking with the officer. Bostick, 501 U.S. at 434, 111 S.Ct. at 2386; Larue, 28 S.W.3d at 553; Harper, 217 S.W.3d at 674.

5

Consensual police-citizen encounters do not implicate Fourth Amendment protections. Bostick, 501 U.S. at 434–35, 111 S.Ct. 2382; see Florida v. Rodriguez, 469 U.S. 1, 5–6, 105 S.Ct. 308, 83 L.Ed.2d 165 (1984). Law enforcement is free to stop and question a fellow citizen; Bostick, 501 U.S. at 434–35, 111 S.Ct. 2382, no justification is required for an officer to request information from a citizen. Hiibel v. Sixth Judicial District Court of Nevada, 542 U.S. 177, 185, 124 S.Ct. 2451, 159 L.Ed.2d 292 (2004) And citizens may, at will, terminate consensual encounters. Crain v. State, 315 S.W.3d 43, 49 (Tex.Crim.App.2010). Even when the officer did not communicate to the citizen that the request for information may be ignored, the citizen's acquiescence to an official's request does not cause the encounter to lose its consensual nature. Immigration and Naturalization Service v. Delgado, 466 U.S. 210, 216, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). Courts consider the totality of the circumstances surrounding the interaction to determine whether a reasonable person in the defendant's shoes would have felt free to ignore the request or terminate the interaction. Brendlin v. California, 551 U.S. 249, 255, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007). If it was an option to ignore the request or terminate the interaction, then a Fourth Amendment seizure has not occurred. Id. The surrounding circumstances, including time and place, are taken into account, but the officer's conduct is the most important factor when deciding whether an interaction was consensual or a Fourth Amendment seizure. State v. Garcia–Cantu, 253 S.W.3d 236, 244 (Tex.Crim.App.2008).

While Deputy Malek was behind the white Chevrolet, the driver exited IH-10 at the 505 mile marker and pulled over in the 900 block of Harper Road. (RR24, 15-16). Neither deputy used any audible sirens nor horns, nor waved or utilized any other signal

6

or assertion of authority to compel the Appellee to pull over. (RR 25, 1-5). The Appellee was not even aware there was a patrol car present until after he was executing his turn off of the roadway in the 900 block of Harper Road. (RR 50, 5-8). The Appellee testified he pulled off of IH-10 in order to take a nap, not in response to an assertion of authority. (RR 49, 3-4; 50, 21). These facts are undisputed. Appellee further testified that he had driven off of the roadway and in such a fashion that other cars were honking their horns. (RR50, 1-3).

During the consensual contact, the deputies both observed the Appellee to have slow and slurred speech (RR25, 14; 61, 21). Deputy Morris further observed the Appellee was not answering questions in a normal fashion and was slow to answer. (RR61, 21-23). Based on everything Deputy Morris observed, including the information relayed by dispatch, Deputy Morris transitioned from a consensual contact to an investigatory detention. (RR60, 23-25; 60, 1; 67, 12-15)

The answers to the officer's questions and other observations by the officer may then provide reasonable suspicion to believe that the offense of DWI has occurred. State v. Stevenson, 958 S.W.2d 824, at 829 (Tex.Crim.App 1997); Stoutner v. State, 36 S.W.3d 716, at 719–20 (Tex.App. Hou.1st Dist.- 2001). If so, the encounter escalates to an investigatory detention during which the officer can conduct field sobriety tests. See Arthur v. State, 216 S.W.3d 50, 55 (Tex.App.-Fort Worth 2007, no pet.); Reynolds v. State, 163 S.W.3d 808, 810–11 (Tex.App.-Amarillo 2005), aff'd, 204 S.W.3d 386 (Tex.Crim.App.2006); Stoutner, 36 S.W.3d at 719–20. The courts have recognized that subsequent events may cause a noncustodial encounter to escalate into custodial interrogation. Dowthitt v. State, 931 S.W.2d 244, 254–55 (Tex.Crim.App., 1996).

7

Ussery v. State, 651 S.W.2d 767, 770 (Tex.Crim.App.1983). See also Berkemer v. McCarty, 468 U.S. 420, at 440, 104 S.Ct. 3138 (1984), at 3150.

An officer has reasonable suspicion when he has "specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity." Elias, 339 S.W.3d at 674. Based on the evidence observed during the initial consensual contact, combined with the information provided by the 911 callers, there were sufficient specific articulable facts to warrant further detention for investigative purposes.

## C. THE TRIAL COURT ERRED IN CONCLUDING THAT DEPUTIES DID NOT HAVE SUFFICIENT CAUSE FOR AN INVESTIGATORY DETENTION

In the alternative, should the Court believe that the initial contact with the Appellee was not a consensual contact, there was sufficient justification for an investigatory detention of the Appellee.

As stated, five (5) 911 calls were made to report the Appellee's reckless driving. Four (4) of the 911 callers were identified by name or name and telephone number. (CRI, page 3, Exhibit 1). The callers provided a description of the Appellee's vehicle, its location and a description of the reckless driving they observed. When Deputy Malek pulled out near the Appellee's white Chevrolet in the location reported by the 911 callers, he observed the people in nearby vehicles point to the white Chevrolet. (RR 23, 22; 24, 3). Thus, the information provided by the identified 911 callers was corroborated by the deputies.

8

When police receive information from a private citizen whose only contact with police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent. <u>Esco v. State</u>, 668 S.W.2d 358, 360–61 (Tex.Crim.App.1982). An informant's detailed description of wrongdoing, along with a statement that the informant actually saw the reported event, entitles the informant's tip to greater weight than otherwise might be the case. See <u>Illinois v. Gates</u>, 462 U.S. 213, 234–35, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527, 545 (1983).

In <u>Derichsweiler v. State</u>, 348 S.W.3d 906, (Tex.Crim.App. 2011), the detaining officer need not be personally aware of every fact that objectively supports a reasonable suspicion to detain; <u>Adams v. Williams</u>, 407 U.S. 143, 147, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972), rather, "the cumulative information known to the cooperating officers at the time of the stop is to be considered in determining whether reasonable suspicion exists." A 911 police dispatcher is ordinarily regarded as a "cooperating officer" for purposes of making this determination. It matters not that the dispatcher did not pass all of these details along to the responding officers. In assessing reasonable suspicion, vel non, a reviewing court looks to the totality of objective information known collectively to the cooperating police officers, including the 911 dispatcher. Id at 915. (<u>United States v. Ruidiaz</u>, 529 F.3d 25 (1st Cir.2008) (officer could rely on information passed on by 911 dispatcher in formulating reasonable suspicion); <u>United States v. Fernandez–Castillo</u>, 324 F.3d 1114, 1118 (9th Cir.2003) ("Although the Highway Patrol dispatcher distilled and paraphrased [the] information" supporting reasonable suspicion, court considered it part of the collective knowledge of the police); <u>United States v. Kaplansky</u>, 42 F.3d 320, 327 (6th Cir.1994) ( "where officers are told to investigate a situation without being told all of

the facts justifying investigation, the court must look beyond the specific facts known to the officers on the scene to the facts known to the dispatcher."); Hoag v. State, 728 S.W.2d 375, 380 (Tex.Crim.App.1987); United States v. Hensley, 469 U.S. 221, 232–33, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (officer may detain suspect based upon police bulletin so long as issuing entity has reasonable suspicion to justify detention); Illinois v. Andreas, 463 U.S. 765, 771 n. 5, 103 S.Ct. 3319, 77 L.Ed.2d 1003 (1983) ("where law enforcement authorities are cooperating in an investigation, the knowledge of one is presumed shared by all.").

The location and description of the Appellee's vehicle, as well as descriptions of the driving behavior, were provided to the dispatchers by identified witnesses. This information was corroborated by Deputy Malek, who observed the Appellee's vehicle which matched the description in the area reported and observed by the people in nearby vehicles, all pointing to the Appellee.

**D. THE TRIAL COURT ERRED BY CONCLUDING THE OFFICERS' SUBJECTIVE INTENT OR BELIEF CONTROLLED OVER OBJECTIVE FACTS IN DETERMINING REASONABLE SUSPICION FOR AN INVESTIGATIVE DETENTION**

After Deputy Morris' subsequent arrival at the 900 block of Harper Road, and after Deputy Malek had spoken with the Appellee, Deputy Malek stated to Deputy Morris that they would handle the contact as a welfare check. (RR37, 9-11; 55, 10). In its findings of fact and conclusions of law, the trial court focused on the deputies' subjective intent regarding their belief that they were conducting a welfare check on the Appellee as a community caretaking function. However, the standard is an objective one. Terry v. Ohio, 392 U.S. 1, at 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We use an objective

10

standard when making this determination, disregarding the officer's subjective intent unless it is manifested to the suspect. Martinez, 348 S.W.3d at 923; Ford v. State, 158 S.W.3d 488, at 492–93 (Tex.Crim.App.2005).

Deputies Malek and Morris engaged in a consensual contact with the Appellee. Due to facts provided by the 911 callers, coupled with evidence they personally observed, the deputies possessed reasonable suspicion to investigate further. See STATEMENT OF FACTS (supra). Regardless of the deputies' subjective belief, and even should this Honorable Court find the initial contact with the Appellee was not consensual, there was sufficient cause for an investigatory detention.

## PRAYER AND CONCLUSION

THEREFORE, Appellant THE STATE OF TEXAS respectfully requests that this Honorable Court find that the trial court erred in granting Appellee's suppression motion, overrule the trial court's Order, and remand this matter for a trial on the merits.

Respectfully Submitted,

JOSEPH A. SOANE, III
Texas Bar No. 24002970
Asst. Kerr County Attorney
700 Main Street, Ste. BA-103
Kerrville, TX 78028
(830) 792-2220 (p)
(830) 792-2228 (f)
*Attorney for the State of Texas*

11

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of August, 2015, a true and correct copy of Appellant's BRIEF was served upon the following by the following method:

Mr. Darren Umphrey (trial counsel)          *Via Regular US Mail*
246 W. San Antonio St., Suite 201
New Braunfels, TX 78130

_____
JOSEPH A. SOANE, III

12