

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00257-CR
_____

**CHRISTOPHER RAYMOND CISNEROS, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 15-07-8332; Honorable Pat Phelan, Presiding

March 19, 2019

## MEMORANDUM OPINION

Before QUINN, CJ., and PIRTLE and PARKER, JJ.

Appellant, Christopher Raymond Cisneros, was convicted following a jury trial of possession of a controlled substance (methamphetamine) in an amount of one gram or more but less than four grams, enhanced.[1] He was sentenced by the trial court to fifteen

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2017) (a felony of the third degree). Punishment level was enhanced to that of a felony of the second degree by virtue of a prior felony conviction for DWI, third or more, in August 2005. *See* TEX. PENAL CODE ANN. § 12.42(a) (West Supp. 2018).

years confinement and assessed a $1,000 fine.  In a single issue, Appellant asserts that law enforcement officers did not have reasonable suspicion or probable cause to detain or arrest him.  We affirm the trial court's judgment.

BACKGROUND

In July 2015, an indictment issued alleging that on or about May 7, 2015, Appellant intentionally and knowingly possessed a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams.  In June, the State filed its *Notice of Intent to Use Prior Convictions to Enhance the Classification and/or Range of Punishment of the Indicted Offense* alleging that in 2005, Appellant was finally convicted of the felony offense of driving while intoxicated, third or more.  Appellant subsequently filed a motion to suppress alleging that law enforcement officers did not have reasonable suspicion or probable cause to search the residence or Appellant.  The motion was overruled by the trial court following the jury trial.

The State's evidence at trial was that multiple officers responded to a call regarding a possible burglary in progress at 10:00 a.m.  Officer Jim Dukantnik contacted the suspect who advised him that he owned the residence and explained that he had left earlier that morning without his keys.  Officer Andrew Mosteller arrived with a detective and immediately observed someone running in the alley toward a house that was in a state of disrepair, unoccupied, and uninhabitable.  A neighbor was also pointing the officers in the direction of the abandoned house.

Officers Dukantnik and Mosteller entered the house and announced their presence.  They could hear noises in a back room.  When they investigated the noises,

2

they discovered Appellant. He was sweating profusely and crouched down. When addressed by the officers, he was unresponsive. When Officer Dukantnik began advancing toward Appellant, he made a motion toward a medium-size boot knife attached to his belt. The officer feared for his safety and believed Appellant was a danger to himself and others. He disarmed Appellant, handed the knife over to the other officer, performed a quick pat-down search for other weapons, and handcuffed Appellant.

When Appellant emerged from the house, he was met by Officer Jermaine Davis. She asked Appellant if she could search him and he agreed. When she patted him down, she felt a bulge inside his change pocket and upon examination, discovered what was later identified as methamphetamine and drug paraphernalia. Appellant was then placed under arrest.

STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress evidence on appeal under an abuse of discretion standard. *State v. Cortez*, 543 S.W.3d 198, 203-04 (Tex. Crim. App. 2018). As long as the record supports the trial court's determinations of historical facts and mixed questions of law and fact that rely on credibility, we grant those determinations almost total deference. *Id.*; *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013). We review the trial court's application of law to the facts *de novo. Wiede v. State*, 214 S.W.3d 17, 25 (Tex. Crim. App. 2007). Further, when, as in this case, the trial court does not make formal findings of fact, we uphold the trial court's ruling on any theory of law applicable to the case and presume the court made implicit findings in support of its ruling if the record supports those findings. *State v. Ross*, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000).

ANALYSIS

Appellant asserts the trial court abused its discretion when it overruled his motion to suppress all the State's evidence. In support, he contends (1) the officers did not have a reasonable suspicion or probable cause to search the abandoned house or Appellant and (2) the State failed to prove Appellant did not have permission to be in the building. We disagree.

ABANDONED HOUSE

Regarding his assertion that the fruits of the warrantless search of the abandoned house should have been suppressed, we need only note that since Appellant made no showing that he had any reasonable expectation of privacy in the house or that he had a right of ownership or possession of the house, he has no standing to challenge the validity of the search. *See Thomas v. State*, 681 S.W.2d 672, 676 (Tex. App.—Houston [14th Dist.] 1984, pet. ref'd) (citing *Goehring v. State*, 627 S.W.2d 159 (Tex. Crim. App. 1982)). *See also Henderson v. State*, No. 01-99-00567-CR, 2000 Tex. App. LEXIS 3995, at *7-9 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (mem. op.) (not designated for publication) ("The accused has the burden of proving facts establishing a legitimate expectation of privacy.").

DETENTION

A police officer's interaction with a citizen can be classified as an encounter, detention, or seizure. *See Harper v. State*, 217 S.W.3d 672, 675 (Tex. App.—Amarillo 2007, no pet.). An investigative detention is a confrontation of a citizen by law enforcement officers wherein a citizen yields to a display of authority and is temporarily detained for purposes of investigation. *Id.* (citing *Johnson v. State*, 912 S.W.2d 227, 235

4

(Tex. Crim. App. 1995)).  During an investigative detention, an officer may employ force necessary to affect the reasonable goals of the detention:  investigation, maintenance of the *status quo*, and officer safety.  *Rhodes v. State,* 945 S.W.2d 115, 117 (Tex. Crim. App. 1997).  Moreover, an officer may conduct a limited pat-down search of the outer clothing for weapons during an investigative detention if the officer fears for his safety or that of others.  *Martinez v. State,* 304 S.W.3d 642, 652-53 (Tex. App.—Amarillo 2010, pet. ref'd).

An investigative detention is permitted if it is supported by reasonable suspicion.  *Citizen v. State*, 39 S.W.3d 367, 370 (Tex. App.—Houston [1st Dist.] 2001, no pet.).  Reasonable suspicion is a particularized and objective basis for suspecting the person is, has been, or soon will be engaged in criminal activity.  *Id.* (citing *Crockett v. State*, 803 S.W.2d 308, 311 (Tex. Crim. App. 1991)).  The test for reasonable suspicion focuses solely on whether an objective basis exists for the detention.  *Tutson v. State,* 530 S.W.3d 322, 328 (Tex. App.—Houston [14th Dist.] 2017, no pet.).[2]

Here, Appellant was detained in an abandoned house for the purpose of officer safety after he had fled there as law enforcement officers were arriving to investigate a possible burglary in progress.  In the house, he was discovered sweating profusely, unresponsive, crouched down, and he made a motion toward a weapon on his belt.  Under these circumstances, the officers had a reasonable suspicion authorizing them to

---

[2] An officer has reasonable suspicion if the officer has specific, articulable facts that, combined with rational inferences from those facts, would lead the officer to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity.  *Kerwick*, 393 S.W.3d at 273.  A determination must be based on the totality of the circumstances, and reasonable suspicion may exist even if the circumstances presented are as consistent with innocent activity as with criminal activity.  *Id.*

detain Appellant and remove any weapons that might pose a threat to officer safety, pending further investigation.

Probable Cause to Arrest

Once outside the abandoned house, Appellant consented to the search of his person by Officer Davis. *Meekins v. State*, 340 S.W.3d 454, 458 (Tex. Crim. App. 2011) (a warrantless search conducted without probable cause is not illegal if the search is conducted with the person's voluntary consent). During the search, Officer Davis found what appeared to be drug paraphernalia and methamphetamine on Appellant's person. The substance later tested positive for methamphetamine. This information provided probable cause for Appellant's subsequent arrest. *Lewis v. State*, 412 S.W.3d 794, 801 (Tex. App.—Amarillo 2013, no. pet.) ("Probable cause for a warrantless arrest exists when the arresting officer possesses reasonably trustworthy information sufficient to warrant a reasonable belief that an offense has been or is being committed.").

Based upon our review of the record, we find that the trial court did not abuse its discretion by denying Appellant's motion to suppress evidence. Accordingly, Appellant's single issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

6